Filed 10/19/21  P. v. Porter CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA ALAN PORTER,<br><br>     Defendant and Appellant. | A162486<br><br>(Del Norte County<br>Super. Ct. No. CRF21-9020) |

Defendant Joshua Alan Porter appeals a judgment entered upon his plea of guilty to dissuading a witness.[1]  His counsel has filed an opening brief raising no issues and asking this court for an independent review of the record.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant has been apprised of his right personally to file a supplemental brief, but he has not done so.

Defendant was charged on January 20, 2021 with felony first degree burglary (Pen. Code, §§ 459, 460, subd. (a); count 1);[2] felony dissuading a witness by force or threat (§ 136.1, subds. (b)(1) & (c)(1); count 2); misdemeanor contempt of court for violation of a protective order (§ 166,

---

[1] The notice of appeal erroneously refers to the case number below as CRF21-9021, but the attached abstract of judgment contains the correct number, CRF21-9020.

[2] All undesignated statutory references are to the Penal Code.

subd. (c)(1); count 3); and misdemeanor resisting, obstructing, or delaying a peace officer or emergency medical technician (§ 148, subd. (a)(1); count 4). As to counts 1 and 2, the complaint alleged defendant had suffered a prior conviction for making a criminal threat (§ 422), which was both a strike (§§ 667, subd. (d), 1170.12, subd. (b)) and a serious felony (§ 667, subd. (a)(1)).

Defendant initially pled not guilty and denied the special allegations. He later entered into a plea agreement under which he would plead guilty to count 2 and admit a strike allegation, with a four-year aggravated sentence (§ 136.1, subds. (b)(1) & (c)(1)) doubled for the strike (§ 1170.12, subd. (c)(1)), for a total term of eight years, and the District Attorney would refrain from filing charges on two other violations of section 136.1. The plea waiver form, which defendant signed and initialed, included the terms and consequences of the plea agreement and the rights he was giving up; a statement that he consulted with his attorney and had sufficient time to consider the agreement; and defense counsel's certification that he had explained the contents of the agreement to defendant and the signature was defendant's own.

At a hearing on February 2, 2021, defense counsel stated the terms of the agreement, which included dismissing the remaining counts with a *Harvey* waiver for purposes of restitution (*People v. Harvey* (1979) 25 Cal.3d 754) at the time of sentencing. On the court's inquiry, defendant confirmed he understood the terms and consequences of the agreement, the rights he was giving up, and the possible fines and restitution he might be required to pay; that he had had sufficient time to speak with his attorney; and that he had signed a firearms relinquishment form.

The prosecutor stated a factual basis for the plea: defendant went to his former wife's house on January 17, 2021, broke in by kicking the rear

door, broke locks to prevent her from locking him out, refused to leave when she asked him to do so, and threatened that "things could go bad for her" if she called law enforcement. He also sent her text messages telling her that if she called law enforcement, "bad things will happen to her."

Defendant pled guilty to count 2 and admitted a prior strike. The trial court accepted the plea, finding defendant had freely and knowingly waived his rights and understood the charges and possible consequences of the plea and that there was a factual basis for the plea.

On February 25, 2021, the trial court sentenced defendant to a prison term of eight years in accordance with the agreement. The trial court found defendant had no ability to pay attorney fees, assessed the minimum restitution, court security, and criminal conviction fines, fees, and assessments (§§ 1204.4, 1465.8, Gov. Code, § 70373), gave him credit for time served and conduct credits, and issued a domestic violence protective order (§ 136.2, subd. (i)(1)). The remaining counts and enhancements were dismissed, and the court reserved jurisdiction for purposes of victim restitution.

Defendant filed a timely notice of appeal and requested a certificate of probable cause on the ground his attorney falsely told him he would be eligible for parole as a nonviolent offender. The trial court granted a certificate of probable cause.

Defendant was represented by counsel throughout the proceedings, and the record on appeal discloses no ineffective assistance. The probation report confirms the factual basis for the plea. Defendant was informed of the rights he was giving up and the consequences of his plea, and he was sentenced in accordance with the plea. The sentence is authorized by law. We see no meritorious issues to be argued.

# DISPOSITION

The judgment is affirmed.


                                        TUCHER, P.J.

WE CONCUR:

PETROU, J.
RODRIGUEZ, J.